**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

v.  Case No. 8:05-CR-258-T-30MAP

GUILLERMO JIMINEZ,
a/k/a GUILLERMO JIMENEZ

_____/

**ORDER**

This matter is before the Court for consideration of Defendant's request for a copy of the record at government expense (Dkt. 122). A federal prisoner seeking to collaterally attack his conviction is not automatically entitled to free transcripts. *United States v. MacCollom*, 426 U.S. 317, 325-26 (1976). In accordance with 28 U.S.C. § 753(f),[1] which governs the furnishing of transcripts requested by parties and the collection of fees associated therewith, fees for transcripts furnished in proceedings brought under 28 U.S.C. § 2255 to persons permitted to proceed *in forma pauperis* shall be paid by the United States if the Court certifies that the suit is not frivolous and that the transcript is needed to decide an issue presented therein.

Defendant does not have a § 2255 motion pending before this Court. A defendant must provide the Court with a detailed indication of the issues to be raised in his motion and demonstrate to the Court that preparation of the motion necessitates the requested

---

[1] Title 28 U.S.C. § 753(f) provides, in pertinent part, that "[f]ees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal *in forma pauperis* shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal."

documents. Defendant asserts only that the transcripts of his criminal proceedings are necessary in order for him to prepare his § 2255 motion. He does not further elaborate. Defendant's bald assertion that the transcripts are necessary does not demonstrate a particularized need for the transcripts. Section 753(f) prevents the situation in which an indigent prisoner obtains a free transcript merely to search for error in an attempt to generate a basis for collaterally attacking a conviction. *Fadayiro v. United States*, 30 F. Supp.2d 772, 780 (D.N.J. 1998).

Moreover, Defendant, by virtue of his participation in the plea and sentencing proceedings, which transcripts he seeks to obtain, should have been put on notice of possible bases for a § 2255 motion arising from the contents of those transcripts.

**ACCORDINGLY**, the Court **ORDERS** that the request for copies of the record is **DENIED** (Dkt. 122). The **Clerk** is directed to enclose a copy of the court-approved form for filing a § 2255 motion with Defendant's copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on November 29, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
*Pro Se* Defendant

SA:jsh