UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUILLERMO JIMINEZ,

    Petitioner,

v.                                                  Case No. 8:07-CV-795-T-30MAP
                                                  Crim. Case No. 8:05-CR-258-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

Before the Court is Petitioner's Motion for Enlargement of Time to File a Memorandum of Law in Support of the Motion Pursuant to 2255 (CV Dkt. 6), Application for Issuance of Certificate of Appealability ("COA") (CV Dkt. 7) construed as a notice of appeal of the Court's May 24, 2007 decision dismissing Petitioner's motion to vacate, set aside or correct sentence (CV Dkt. 3), and motion for leave to appeal *in forma pauperis* (CV Dkt. 9).

On March 20, 2007, Petitioner filed a motion requesting permission to file a belated appeal or 28 U.S.C. §2255 motion to vacate, set aside or correct sentence (CR Dkt. 124). The Court denied the motion to file a belated appeal, but granted Petitioner thirty days in which to file a belated §2255 motion and show good cause and actual prejudice to overcome the time bar[1] (CR Dkt. 125). On May 8, 2007, Petitioner filed his §2255 motion (CV Dkt. 1).

---

[1] Because Petitioner's appeal period ended on December 29, 2005, he had until December 29, 2006 to file a §2255 motion.

However, the Court dismissed the §2255 motion as time barred (CV Dkt. 3) and closed this case.

Petitioner's motion to file a memorandum of law in support of his §2255 motion is moot as his §2255 motion was dismissed, and this case stands closed.

The Court found that Petitioner's §2255 motion was not timely filed. To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claim and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. §2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the petition is time-barred and Petitioner has failed to make a sufficient showing of the "extraordinary circumstances" required to warrant equitable tolling of the limitations period, Petitioner has failed to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

Moreover, the Court finds that Plaintiff failed to perfect an appeal of the order by filing the notice required by Fed. R. App. P. 3(a)[2] and 4(a)(1)(B) within the allotted time.[3] The timely filing of a notice of appeal is "mandatory and jurisdictional." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996) (citation omitted). *See also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) ("[f]iling an appeal within the thirty day time limit has been construed as a mandatory precondition to this Court's exercise of jurisdiction. . . ." (quoting *Borio v. Coastal Marine Constr. Co.*, 881 F.2d

---

[2] "An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3(a).

[3] "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a)(1)(B).

1053, 1055 (11th Cir.1989))).

A *pro se* plaintiff's allegations must be read in a liberal fashion. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). However, a litigant is not excused from complying with a Court order or other judicial deadline because of his *pro se* status. *See Wayne v. Jarvis*, 197 F.3d 1098, 1104 (11th Cir. 1999) (holding that "the problem here is not one of construction; instead, the problem is one of lack of compliance with a deadline imposed by law. Liberal construction does not mean liberal deadlines").

ACCORDINGLY, the Court **ORDERS** that**:**

1. Petitioner's Motion for Enlargement of Time to File a Memorandum of Law in Support of the Motion Pursuant to 2255 (CV Dkt. 6) is **DENIED**.

2. Petitioner's Application for Certificate of Appealability (CV Dkt. 7) is **DENIED**.

3. Petitioner's motion for leave to proceed *in forma pauperis* on appeal (CV Dkt. 9) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 5, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc

Copy furnished to:
*Pro Se* Petitioner