## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  CASE NO. 8:05-CR-258-T-30MAP

GUILLERMO JIMINEZ,

      Defendant.

_____/

### ORDER

This Cause is before the Court upon Defendant's *pro se* Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 155). Because the motion challenges the validity of the judgment and sentence in Defendant's criminal case, the proper motion is a motion to vacate, pursuant to 28 U.S.C. § 2255.[1]

*Castro v. United States*, 540 U.S. 375 (2003), instructs that a District Court must advise a movant it intends to recharacterize a criminal post-conviction motion as a § 2255 motion, and warn the movant about the consequences of recharacterizing the motion as a

---

[1] 28 U.S.C. § 2255 affords the exclusive remedy for challenging a federal conviction and sentence, unless the remedy is inadequate or ineffective. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Broussard v. Lippman*, 643 F.2d 1131, 1134 (5th Cir. 1981). Given Defendant challenges the Court's jurisdiction, § 2255's remedy is not inadequate or ineffective as it specifically "includes jurisdictional challenges in its enumeration of grounds for relief from sentence that may be asserted under" it. *Williams v. United States*, 383 Fed. Appx. 927 (11th Cir. 2010). Therefore, Defendant's request that this Court construe his motion as a 28 U.S.C. § 2241 motion if necessary is denied as his jurisdictional challenge is not proper under § 2241. *See Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011) (en banc) *cert. denied* 132 S. Ct. 1001 (2012) ("[T]he savings clause[, § 2255(e),] does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h).").

motion seeking relief pursuant to § 2255.  The Court hereby advises Defendant of its intention to recharacterize his motion as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 unless Defendant informs the Court otherwise.

The Court cautions Defendant that such recharacterization will render this motion subject to each of the procedural limitations imposed upon § 2255 motions.  Specifically, after its characterization as a § 2255 motion, the instant motion will  be barred as successive under the successive petition bar applicable to post-conviction motions as it would be Defendant's third § 2255 petition.[2]  Defendant must obtain the permission of the Eleventh Circuit Court of Appeals before he can file a successive § 2255 petition, and if the Defendant obtains permission to file the § 2255 motion, the motion shall still be subject to the one (1) year period of limitation.[3]   Accordingly, Defendant should also address the motion's untimeliness, falling as it will well beyond one (1) year from December 29, 2005, the date Defendant's judgment became final.

Furthermore, Defendant should also explain how the only case he cites in support of his motion, *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), applies to Defendant.  Specifically, it appears from the facts asserted by Defendant that  *Bellaizac-Hurtado*, which concerns Congress's ability to proscribe drug-trafficking activity in the

---

[2] 28 U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Prior civil case numbers 8:07-cv-795-T-30MAP and 8:09-CV-2225-T-30MAP.

[3] "A 1-year period of limitation shall apply to a motion under this section." 28 U.S.C. § 2255(f).

2

territorial waters of foreign countries under the "Offences Clause" of Article One, Section 8, Clause 10 of the United States Constitution, *see id.* at 1258, is factually distinguishable. Defendant acknowledges the United States Coast Guard stopped him "approximately 17 nautical miles [n]ortheast of Colombia," (Dkt. 155, Defendant Motion, 2), which placed Defendant in international waters beyond the twelve nautical mile limit of a country's territorial seas. *See U.S. v. McPhee*, 336 F.3d 1269, 1273 (11th Cir. 2003) (stating the United States generally recognizes the territorial seas of foreign nations up to twelve nautical miles adjacent to recognized foreign coasts).

Finally, the Court advises Defendant that, in addition to addressing the foregoing issues, he should amend his motion to assert all additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court.

Accordingly, the Court **ORDERS** that on or before **April 8, 2013**, Defendant shall advise this Court whether he seeks to do one (1) of the following:

1.      Proceed before this Court pursuant to 28 U.S.C. § 2255 on those claims presented in his  Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 155);

2.      Amend his motion to assert any additional claims pursuant to 28 U.S.C. § 2255 on which he wishes to challenge the conviction and sentence imposed upon him by this Court; or

3.      Withdraw his  Motion to Dismiss the Indictment or in the Alternative for a Hearing (Dkt. 155).

Defendant is **CAUTIONED** that if he fails to file a timely response in compliance with this Order, which requires that he advise the Court that he wishes to do one of the above, the Clerk will be directed to open a civil case and this cause shall proceed as an action under 28 U.S.C. § 2255, with the Court considering only those claims presented in his original motion (Dkt. 155).

The Clerk of Court is **DIRECTED** to provide Defendant with the form used for filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 with Defendant's copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on March 8, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2005\05-cr-258.Jiminez Order.wpd*

4